# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JEFFERY CARLOS HALE, ETC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10CV00059 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CNX GAS COMPANY, LLC, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

   *Don Barrett, Brian K. Harrington, David M. McMullan, Jr., and Katherine B. Riley, Don Barrett, P.A., Lexington, Mississippi, for Plaintiff; Jonathan T. Blank and Lisa M. Lorish, McGuireWoods LLP, Charlottesville, Virginia, and James R. Creekmore and Blair N.C. Wood, The Creekmore Law Firm PC, Blacksburg, Virginia, for CNX Gas Company LLC; J. Scott Sexton, Kathy L. Wright, and Travis J. Graham, Gentry Locke Rakes & Moore LLP, Roanoke, Virginia, for Torch Oil & Gas Company; Blair M. Gardner, Jackson Kelly PLLC, Charleston, West Virginia, and Eric D. Whitesell, Gillespie, Hart, Altizer & Whitesell, P.C., Tazewell, Virginia, for Buckhorn Coal Company, Commonwealth Coal Corporation, and Harrison-Wyatt, LLC.*

   The plaintiff, Jeffery Carlos Hale, filed this action on behalf of himself and others similarly situated, alleging that he is an owner of coalbed methane gas ("CBM") interests located in this judicial district and a deemed lessor of those interests under orders of the Virginia Gas and Oil Board ("Board") made pursuant to the Virginia Gas and Oil Act ("Gas Act"). The principal defendant is CNX Gas Company ("CNX"), the lessee and producer of the CBM alleged to be owned by

Hale. Hale asserts that defendant Torch Oil & Gas Company ("Torch") and certain unidentified parties sued as "John Does A-Z" are "the owners of purported CBM claims that arise from coal ownership in tracts that are included in the CBM drilling tracts operated by CNX." (Compl. ¶ 2.) Among other things, Hale contends that the owners of the coal estate of the tracts in question ("Coal Owner Defendants") do not have any property interests in the CBM that conflict with his ownership under Virginia law and thus it is improper for CNX to deposit royalties attributable to the CBM in an escrow account or otherwise withhold payment of those royalties to him and other lessors.[1]

Motions to dismiss the Complaint were thereafter made and resolved by the court. *Hale v. CNX Gas Co., LLC*, No. 1:10cv00059, 2011 WL 4527447 (W.D. Va. Jan. 21, 2011), *report and recommendations accepted*, 2011 WL 4502262 (W.D. Va. Sept. 28, 2011). As the request of the parties, the court then stayed further proceedings to allow the plaintiff and CNX to confer over a possible resolution of the case. (Order, Oct. 12, 2011.) After lengthy negotiations between the parties, no agreement was reached, and the stay was lifted. (Order, June 5, 2012.)

---

[1] Other claims are made in the Complaint, but it is this specific claim that is at the heart of the motions being presently considered.

Following the lifting of the stay, the various motions were filed that are the subject of this Opinion.  Buckhorn Coal Company, Commonwealth Coal Corporation, and Harrison-Wyatt LLC (collectively, "Intervenors") have filed a joint motion under Federal Rule of Civil Procedure 24(a)(2) to intervene as Coal Owner Defendants.  Defendant Torch, the only existing and identified Coal Owner Defendant, has filed a motion pursuant to Federal Rule of Civil Procedure 15(a)(2) seeking leave to assert a counterclaim and file an amended answer.  Finally, the plaintiff moves under Rule 15(a)(2) to file an amended complaint in which CNX would be the sole defendant, without naming any Coal Owner Defendants.  The plaintiff opposes the motions by Torch and the Invervenors and the plaintiff's motion to file an amended complaint is opposed by CNX, Torch, and the Intervenors.

All of the motions have been fully briefed and are ripe for decision.

While the present motions are procedural in nature, the parties attribute considerable substantive effects to their determination, I believe mistakenly.  Perhaps they are merely taking this opportunity to further argue their preferred ultimate outcome of the litigation.  In any event, while I find that all of the present motions should be granted, I do not consider my decision to be necessarily determinative of the deeper issues in the case.

-3-

Earlier in this case, the court discussed the nature and production of CBM, the statutory framework provided by the Gas Act, and the working of the Board. *Hale*, 2011 WL 4527447, at *1. In summary, as presently relevant, the statute provides that when there are "conflicting claims to the ownership of [CBM], the Board, upon application from any claimant, shall enter an order pooling all interests or estates in the [CBM] drilling unit for the development and operation thereof [and] shall cause to be established an escrow account into which the payment for costs or proceeds attributable to the conflicting interests shall be deposited and held for the interest of the claimants." Va. Code Ann. § 45.1-361.22 (2012 Supp.). The regulations adopted by the state require that the application seeking to establish a drilling unit for CBM "shall contain a description of the conflicting ownership claims." 4 Va. Admin. Code § 25-160-80 (2012).

Hale alleges that when submitting such applications,

> CNX consistently advised and represented to the Board that conflicting claims to the ownership of CBM existed for each of those tracts in which one person or entity owned the gas estate/gas interests ("gas owner") and a different person or entity owned the coal estate/coal interests ("coal owner"). The conflicting claim allegedly arose from the question of whether the CBM allocable to that tract was owned by the gas owner(s) or by the coal owner(s).

(Compl. ¶ 30.) Hale further alleges that the Board has consistently adopted CNX's position in this regard, resulting in royalty funds belonging to him and others

similarly situated being improperly escrowed or retained by CNX, contrary to Virginia law, as determined by the Supreme Court of Virginia in *Harrison-Wyatt, LLC v. Ratliff*, 593 S.E.2d 234 (Va. 2004), and the 2010 adoption by the General Assembly of Virginia of a new provision of the Gas Act, 2010 Va. Acts chs. 730, 732 (effective Apr. 13, 2010).

In *Ratliff,* the Virginia court held, in the course of construing certain 19th century severance deeds, that CBM was a mineral estate distinct from coal and that the grant of coal in those deeds did not thereby convey CBM. 593 S.E. 2d at 238. The new section of the Gas Act provides that "[a] conveyance, reservation, or exception of coal shall not be deemed to include [CBM]." Va. Code Ann. § 45.1-361.21:1 (2012 Supp.).

In support of his motion to file an amended complaint, the plaintiff argues that CNX will not be prejudiced by the proposed amendment in that he does not intend to assert any new causes of action; that any delay in the case as a result of the amendment will be minimal; and that the purpose of the amendment — to remove all of the Coal Owner Defendants — is appropriate because CNX is the only necessary party.

CNX opposes the amendment, arguing that to exclude coal owners as parties to this action would be improper, since such owners are necessary and indispensible to any determination of the ownership of the CBM. According to

-5-

Case 1:10-cv-00059-JPJ-PMS   Document 165   Filed 08/01/12   Page 5 of 9   Pageid#: 2010

CNX, the plaintiff's formulation of the ownership issue is "dangerously oversimplified," because of the "complexity of deed language" and the fact that there are "too many variables, open questions, and gaps in the record." (CNX's Mem. in Opp'n 2, 3, 9.) It argues that to remove the coal owners would make any amendment futile since ultimate ownership of the CBM could not be determined in the absence of the coal owners and any decision by the court in that regard would only be as between the plaintiff and CNX.

Torch and the Intevenors agree with CNX. In addition, they assert that the unpaid royalties that Hale complains of are the result of the production of CBM using the "frac" method, by which the coal seams are fractured or stimulated though the injection of water and other substances in order to liberate the gas.[2] They believe that this invasion of their coal estate entitles them to a portion of the royalties. They seek to defend their ownership interests and assert their claims against the plaintiff.

---

[2] In *Ratliff*, the Virginia court noted that there are several methods of obtaining CBM from a coal seam, including (1) "drilling wells from the surface into the coal seam"; (2) "horizontal degasification wells from inside the coal mine"; and (3) "employing what are called 'gob' wells relating to long-wall mining." 593 S.E.2d at 235. The court held that it was expressing no opinion as to the question of whether the CBM owner had "the right to frac[ture] the coal in order to retrieve the CBM." *Id.* at 238 n.3 (internal quotation marks omitted). In other words, the question remains as to whether the ownership of CBM allows its production where the coal is fractured in the course of its production rather than by the mining of the coal by a different owner.

Upon consideration of all of these arguments, I find that it is appropriate in the interests of justice to grant all of the motions.[3] It is important to note that we are still at the pleading stage, without proof of facts and how those facts might implicate the law governing the rights and obligations of CBM ownership and its relationship to the ownership of coal. The claim made by the plaintiff that he is entitled to relief based on existing Virginia law is at least plausible, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), although at this point the exact nature of any relief available is not determinable. Such relief may require the presence in the action of coal ownership interests, although I leave for another day what procedures — such as the establishment of a defendant class of coal owners with appropriate notice, as the plaintiff suggests — would be sufficient protection for those interests.[4]

Moreover, I find that the claims of Torch and the Intevenors are also plausible, and entitle them to be parties to this action and assert such claims. While the proposed amended complaint removes Torch as a defendant, I will

---

[3] In his proposed amended complaint, the plaintiff asserts claims that were previously dismissed. The court will not reconsider its earlier dismissal of those claims. Accordingly, the parties are to consider that those claims remain dismissed without further motion or order and no response or motion is required in relation to them by the defendants.

[4] *See* Fed. R. Civ. P. 23; 7A Wright, Miller & Kane, *Federal Practice and Procedure* § 1770 (3d ed. 2005). The plaintiff alleges in his proposed amended complaint that there are more than 500 CBM units operated by CNX in Virginia that have deemed lessors like Hale, of which CNX has reported "hundreds" of conflicting coal estate owners. (Proposed Am. Compl. ¶ 48.)

-7-

construe Torch's motion as one to intervene and allow it to remain a party and assert its counterclaim and amended affirmative defenses.

There are state trial court decisions that indicate difficulties with the claim sought to be made by Torch and the Intervenors, and as the plaintiff contends, it may be impossible to accept the argument that solely because of the stimulation of their coal seams in the production of CBM, the coal owners are entitled to a portion of the royalties due the CBM owners. Nevertheless, I cannot at this point in the case determine that such claims are without merit.

For these reasons, it is **ORDERED** as follows:

1. Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 146) is GRANTED and the clerk shall file the First Amended Complaint and its exhibits that were attached to said motion;

2. Torch Oil & Gas Company Motion for Leave to File Counterclaim and to Amend its Answer and Asserted Defenses (ECF No. 144) is GRANTED. Torch Oil & Gas Company is permitted to intervene in the action as a defendant and the clerk shall file the Counterclaim on Behalf of Torch Oil & Gas Company and Torch Oil & Gas Company's Amended Answer, Affirmative Defenses and Plea for Recoupment that were attached to its motion; and

3. Buckhorn Coal Company, Commonwealth Coal Corporation and Harrison-Wyatt LLC's Motion to Intervene (ECF No. 138) is GRANTED and the clerk shall file the Answer and Counterclaim on Behalf of Buckhorn Coal Company, Commonwealth Coal Corporation, and Harrison-Wyatt, LLC that were attached to said motion.

ENTER: August 1, 2012

/s/ James P. Jones
United States District Judge

-9-

Case 1:10-cv-00059-JPJ-PMS   Document 165   Filed 08/01/12   Page 9 of 9   Pageid#: 2014