IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **JEFFERY CARLOS HALE, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,** | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:10CV00059 |
| v. | ) ) | **OPINION AND ORDER** |
| **CNX GAS COMPANY LLC, ET AL.,** | ) ) ) ) | By: James P. Jones United States District Judge |
| Defendants. | ) | |

*David S. Stellings, Daniel E. Seltz, and Elizabeth J. Cabraser, Leiff, Cabraser, Heimann & Bernstein, LLP, New York, New York, Larry D. Moffett, Daniel, Coker, Horton & Bell, P.A., Oxford, Mississippi, Charles F. Barrett, Charles Barrett, P.C., Nashville, Tennessee, Peter G. Glubiak, Glubiak Law Office, King William, Virginia, Don Barrett, David M. McMullan, Jr., and Katherine B. Riley, Barrett Law Group, P.A., Lexington, Mississippi, Richard R. Barrett, Law Offices of Richard R. Barrett, PLLC, Oxford, Mississippi, Jackson S. White, Jr., The White Law Office, Abingdon, Virginia, and Jennifer L. Shaver, Abingdon, Virginia, for Plaintiff; J. Scott Sexton and Kathleen L. Wright, Gentry Locke, Roanoke, Virginia, for Intervenor-Defendant Torch Oil & Gas Company, LLC.*

The intervenor-defendant Torch Oil & Gas Company, LLC ("Torch") has filed a Motion to Dismiss itself as a party, along with all its claims, without prejudice, pursuant to Federal Rules of Civil Procedure 41(c) and 41(a)(2). The plaintiff Hale has opposed this Motion to Dismiss and filed a cross-motion for summary judgment in his favor, pursuant to Federal Rule of Civil Procedure 56, as to the claims raised by Torch. These motions have been fully briefed by the

parties.[1]  For the reasons set forth below, the Motion to Dismiss without prejudice will be granted, and the Motion for Summary Judgment will be denied.

I.

Because the motions now before me involve only the plaintiff Hale and the intervenor-defendant Torch, I will limit my recitation of facts to those relevant to these parties and these particular motions.

This case involves a dispute over royalties associated with the production of coalbed methane ("CBM") by defendant CNX Gas Company, LLC ("CNX"). In September 2010, plaintiff Hale filed this action against CNX and Torch. In August 2012, with this court's permission, Hale filed his First Amended Complaint, which omitted the claims against Torch. Shortly thereafter, Torch, with this court's permission, intervened, answered the Amended Complaint, and filed a counterclaim against Hale. Now, in light of changes in the governing Virginia law, Torch seeks voluntary dismissal, without prejudice, of itself as a party to this action and of its counterclaims against Hale. Hale has declined to stipulate to a dismissal without prejudice and now seeks summary judgment against Torch as to Torch's counterclaims against him. The motions have been fully briefed and are ripe for decision.

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

II.

Torch seeks voluntary dismissal, without prejudice, of its counterclaims against Hale pursuant to Federal Rules of Civil Procedure 41(c) and 41(a)(2). Rule 41(c) provides that Rule 41, which governs the dismissal of actions, applies equally to counterclaims as to ordinary claims. Rule 41(a)(2) permits dismissal of an action at the claimant's request, by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." *Id.*

Hale objects to Torch's voluntary dismissal, arguing that in voluntarily dismissing its own claims, Torch is impermissibly seeking to "avoid a potential judgment on the merits." Pl.'s Mem. Opp'n to Dismissal & Supp. Summ. J. 6, ECF No. 497. In the same breath, he seeks summary judgment in his favor as to Torch's counterclaims. Federal Rule of Civil Procedure 56 requires the court to grant summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Hale also asserts that he would suffer prejudice should Torch's counterclaims be dismissed without prejudice because Torch has been an "active participant" in the case, costing Hale's counsel time and money. Pl.'s Mem. Opp'n to Dismissal & Supp. Summ. J. 6-7, ECF No. 497.

III.

A claimant's "motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to" the other party.[2] *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Factors a district court should consider in ruling on a Rule 41(a)(2) motion include "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending." *Hobbs v. Kroger Co.*, No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999) (unpublished) (citing *Phillips USA, Inc. v. All-flex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). The Fourth Circuit has found that substantial prejudice can arise where "the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008) (unpublished) (citing cases); *see also Andes*, 788 F.2d at 1036-37.

Hale asserts that he would suffer substantial prejudice, should Torch's motion for dismissal without prejudice be granted, because he "has spent

---

[2] The rule as originally articulated by the Fourth Circuit refers to a "*plaintiff's* motion" and "prejudice to the *defendant*." *Andes*, 788 F.2d at 1036 (emphasis added). However, in light of Rule 41(c), which makes Rule 41(a)(2) equally applicable to counterclaims as to ordinary claims, the *Andes* rule is also applicable to motions by intervening counterclaimants, such as the one at issue here. *See Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 n.14 (4th Cir. 1972) (citing Rule 41(c) for the fact that "Rule 41, governing the voluntary dismissal of actions, applies in terms to third-party claims also").

substantial time and money dealing with Torch's counterclaim." Pl.'s Mem. Opp'n Dismissal & Supp. Summ. J. 6, ECF No. 497. I disagree. This case has a long history, and I do not doubt that Hale and his counsel have expended time and money defending Hale against Torch's counterclaims. However, I do not believe that this expenditure justifies denial of Torch's motion for voluntary dismissal. This litigation, though admittedly at an advanced stage, is primarily between Hale and defendant CNX. Torch is only an intervenor and counterclaimant, and its role in the action is minimal compared to that of CNX. Furthermore, without Torch, Hale will still need to continue litigating his claims against CNX. Under the circumstances, I find it reasonable to assume — and Hale does not assert otherwise — that most of the time and money Hale has spent on this case thus far would have been spent regardless of whether Torch had intervened.[3]

I do not believe that Torch has exhibited an excessive delay or lack of diligence in filing its motion for voluntary dismissal. There was little action taken in this case between August 2015, when Torch conceded it "had no claim against Hale under current Virginia law," Mot. for Dismissal 3, ECF No. 495, and the time Torch filed this motion in February 2016.

---

[3] Hale lists several cases in which the district court has found "prejudice to the non-movant due to the delay and expense caused by the assertion of the movant's claim." Pl.'s Mem. Opp'n Dismissal & Supp. Summ. J. 7, ECF No. 497 (citing cases). However, in all of these cases, it appears that voluntary dismissal of the movant would have ended the case entirely. That is not the case here, as the case between Hale and CNX would continue regardless of whether Torch is dismissed.

I also do not believe that Torch's explanation of the need for a dismissal is insufficient. At the time Torch filed its counterclaims in 2012, its claims were plausible. Changes to the law since that time — namely, the Virginia General Assembly's amendment of the Virginia Gas and Oil Act and the Virginia Supreme Court's decision in *Swords Creek Land Partnership v. Belcher*, 762 S.E.2d 570 (Va. 2014) — have rendered these claims implausible, a fact that Torch acknowledged in August 2015. Given that Torch would not prevail under the law as it currently stands, I believe that dismissal is warranted.[4]

Finally, I do not believe the present stage of the litigation precludes voluntary dismissal. Hale argues that Torch cannot seek dismissal without prejudice "simply to avoid a potential judgment on the merits." Pl.'s Mem. Opp'n Dismissal & Supp. Summ. J. 6, ECF No. 497. However, voluntary dismissal of one's own claim simply because of an unfavorable change in the law can hardly be framed as an attempt to avoid a judgment on the merits. Were this the case, then practically all voluntary dismissals would have to be similarly construed, since as a general rule, claimants do not voluntarily dismiss claims that they believe will win.

Hale's argument would be well-taken in light of his motion for summary judgment, but for the fact that he did not file this motion until after Torch had

---

[4] Torch maintains that its claims have merit and are "warranted by a non-frivolous argument for extending, modifying, or reversing existing law." Def.'s Mem. Supp. Dismissal 12, ECF No. 499 (quoting Fed. R. Civ. P. 11(b)). It explains that it now seeks voluntary dismissal only because it would rather not "continue to spend time and funds in this litigation." *Id.* I decline to comment on either Torch's assertion or its accompanying explanation.

already filed its motion to dismiss. This motion for summary judgment is certainly a "dispositive motion," as it would end the case between these two parties, but it was not pending when Torch requested voluntary dismissal of its claims. Moreover, even if Hale had moved for summary judgment first, "the mere filing of . . . a motion for summary judgment [is] not, without more, a basis for refusing to dismiss without prejudice." *Fidelity Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 89 (4th Cir. 2007) (unpublished) (quoting *Andes*, 788 F.2d at 1036 n.4). Upon consideration of the parties' arguments and the factors laid out by the Fourth Circuit in *Hobbs*, I conclude that dismissal of Torch's counterclaims is appropriate.

Hale further suggests that Torch should not be allowed to voluntarily dismiss its claims without prejudice because doing so would leave him vulnerable to a future lawsuit by Torch and "cast[] a shadow over his service as class representative." Pl.'s Mem. Opp'n Dismissal & Supp. Summ. J. 7, ECF No. 497. While these statements may be true, I do not believe they warrant denial of Torch's motion. "It is well established that, for purposes of Rule 41(a)(2), prejudice . . . does not result from the prospect of a second lawsuit." *Davis v. USX Corp.*, 819 F.2d 1270, 1274 (4th Cir. 1987). Hale also does not explain *how* the prospect of a second lawsuit affects his adequacy or typicality as a class representative. Indeed, if Torch remains free to raise its claims against Hale or any gas owner similarly situated to him, it would seem that Hale is in the same position as his putative class members.

The fact that Torch's fellow intervenor-defendant coal owners opted to voluntarily dismiss their claims against Hale *with* prejudice, see Defs.' Joint Mot. for Voluntary Dismissal, ECF No. 479, is of no moment. Torch did not join its fellow intervenor-defendants in their motion and was under no obligation to do so. Furthermore, the default under Rule 41(a)(2) is for dismissal without prejudice. I will therefore grant Torch's motion for voluntary dismissal without prejudice.

IV.

Once a party's claims have been dismissed, a motion for summary judgment on those claims becomes moot. *See, e.g., Patrick Collins, Inc. v. Osburn*, No. PWG-12-1294, 2014 WL 1682010, at *5 (D. Md. Apr. 28, 2014), *aff'd*, 595 F. App'x 243, 244 (4th Cir. 2015) (unpublished per curiam) (voluntary dismissal of claims under Rule 41(a)(2)); *Va. Uranium, Inc. v. McAuliffe*, 147 F. Supp. 3d 462, 465 (W.D. Va. 2015), *aff'd*, *Va. Uranium, Inc. v. Warren*, No. 16-1005, 2017 WL 655766 (4th Cir. Feb. 17, 2017) (dismissal of claims under Rule 12(b)(1) and 12(b)(6)). Here, Hale has moved for summary judgment in his favor as to Torch's counterclaims against him. However, because I am granting Torch's motion for voluntary dismissal, I will deny Hale's motion for summary judgment as moot.

Case 1:10-cv-00059-JPJ-PMS   Document 514   Filed 02/27/17   Page 8 of 9   Pageid#: 11482

V.

For the foregoing reasons, it is **ORDERED** that:

1. Torch's Motion to Dismiss (ECF No. 495) is GRANTED;

2. Torch's Counterclaims Against Hale and All Others Similarly Situated (ECF No. 182) are DISMISSED WITHOUT PREJUDICE;

3. Hale's Motion for Summary Judgment (ECF No. 496) is DENIED AS MOOT; and

4. The Clerk will terminate Torch as a party to this action.

       ENTER: February 27, 2017

       /s/ James P. Jones
       United States District Judge