CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

AUG 24 2018

JULIA C. DUDLEY, CLERK
BY: /s/ J. Clark
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| JEFFREY CARLOS HALE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CNX GAS COMPANY, LLC,<br><br>Defendant. | Case No. 1:10-cv-00059 |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

THIS MATTER comes before the Court upon the unopposed "Motion for Final Approval of the Class Settlement" filed by Plaintiff. The Court, being fully advised of the premises of the Motion, FINDS:

1. Plaintiff filed his original Complaint on September 23, 2010, and filed an Amended Complaint on August 1, 2012. Plaintiff's Amended Complaint alleges claims for declaratory judgment and for various tort claims relating to the alleged underpayment of royalties based on Defendant's production of coalbed methane. The Amended Complaint seeks both declaratory and monetary relief.

2. The parties have negotiated a class settlement ("Class Settlement Agreement," Exhibit 1 to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement ("Preliminary Motion")). Through this Class Settlement Agreement, Defendant will fully and completely satisfy the claims of Class Members relating to the calculation, payment, and/or reporting of royalty payments owed to Plaintiff and Settlement Class Members by paying

Class Members a total payment of $4,000,000. CNX will also pay the cost of administration of the settlement and an Incentive Award Payment of $5,000 to Plaintiff. Attorneys' fees and costs of Class Counsel will be paid from the $4,000,000. By entering into the Class Settlement Agreement, neither Plaintiff nor Defendant make any admissions relating to the claims and defenses raised in this lawsuit.

3. On March 7, 2018, Plaintiff filed a motion seeking preliminary approval of a Settlement Agreement that resolves the claims of the Settlement Class against Defendant based on the calculation, payment, and/or reporting of royalty payments by Defendant.

4. The Settlement Class, as defined in the parties' Class Action Settlement Agreement (Ex. 1 ¶ 1.29) (the "Agreement"), includes the following:

> All CBM claimants who were identified by CNX in filings with the Virginia Gas and Oil Board as unleased owners of CBM estate interests and for whom CNX has applied, as of May 22, 2017, pursuant to Virginia Code § 45.1-361.22:2(A), for the release of funds held in escrow or internally, and all such gas claimants who have received distributions from escrow or directly from CNX as a result of a judicial determination of ownership or agreement between September 23, 2010 and January 1, 2016. "Gas claimants" is as defined by Virginia Code § 45.1-361.1. Excluded from the Settlement Class are: (a) CNX, (b) any person who serves as a judge in this civil action and his/her spouse, (c) any individuals who have received a Court-supervised accounting of CNX's CBM royalty payments into escrow or internal suspense, and (d) any person who operates a CBM well in Virginia and any person who holds a working interest in a CBM well operated by CNX in Virginia.

5. Attached as Exhibit "1" to the Memorandum in Support of the Preliminary Approval Motion is the Agreement describing the claims that are being settled on behalf of the Class (defined as the "Settled Claims"), setting forth the terms of the Parties' settlement, and incorporating the terms of this Final Judgment And Order of Dismissal (the "Final Judgment"). The Agreement and its terms, including the definitions, are incorporated into this Final Judgment

as if fully set forth herein. The Agreement and Final Judgment shall be referred to collectively herein as the "Settlement."

6. This Court entered an Order dated March 20, 2018 (the "Preliminary Approval Order") preliminarily approving the Settlement and directing that notice of the proposed Settlement be mailed to the Settlement Class. The Court also set a hearing for August 23, 2018, to determine whether the proposed Settlement should be approved as fair, reasonable and adequate.

7. In accordance with the Court's Preliminary Approval Order, the Settlement Administrator caused to be mailed to potential members of the Settlement Class (for whom Defendant had addresses available from their accounting records) a notice (the "Settlement Notice") in the form approved by the Court in the Preliminary Approval Order. Attached as Exhibit A to the Notice in Further Support of Plaintiff's Unopposed Motion for Final Approval of Class Settlement is the Affidavit of William Atkinson which provides additional information concerning the mailing of notice. The Court finds that the Settlement Notice provided to potential members of the Settlement Class constituted the best and most practicable notice under the circumstances and included individual notice to all members of the Settlement Class who could be identified by reasonable efforts, thereby complying fully with due process and Rule 23 of the Federal Rules of Civil Procedure.

8. Defendant caused to be mailed to the appropriate federal and state officials the materials required to be submitted by the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"). The actions taken to comply with CAFA's notice requirements are more particularly described in the Notice filed by Defendant, along with exhibits, on March 21, 2018. Accordingly, the Court finds that CAFA's notice requirements have been satisfied.

9. On August 23, 2018, the Court held a hearing on the proposed Settlement, at which time all interested persons were given an opportunity to be heard. Furthermore, the Court has read and considered all submissions in connection with the Settlement. Having done so, the Court has determined that approval of the Settlement will bestow a substantial economic benefit on the Settlement Class, result in substantial savings in time and money to the litigants and the Court and will further the interests of justice, and that the Settlement is the product of good-faith arm's length negotiations between the Parties.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

10. The Agreement, including all of the terms defined therein including but not limited to the definitions of "Settled Claims," is incorporated herein. Any terms used in this Final Judgment are governed by their definitions in the Agreement. The Court has jurisdiction over the subject matter of this litigation and all parties to this litigation, including all members of the Settlement Class.

11. The certified Settlement Class is defined for purposes of the Agreement and this Final Judgment as set forth in Paragraph 4 above.

12. The Settlement was made in good faith and its terms are fair, reasonable, and adequate as to the Settlement Class. Therefore, the Settlement is approved in all respects, and shall be binding upon, and inure to the benefit of, all members of the Settlement Class.

13. The persons and entities identified in the Appendix to the Settlement Agreement are the Settlement Class Members. No Settlement Class Members excluded themselves from the Settlement Class.

14. As of the Effective Date, Plaintiff and the Settlement Class Members, and each of

them, for themselves and their respective heirs, agents, officers, directors, shareholders, employees, consultants, joint venturers, partners, members, legal representatives, successors and assigns, shall fully and forever release and discharge the Defendant, and its parents, subsidiaries, affiliated entities, predecessors, successors and assigns and each of their present, former and future officers, directors, employees, agents, any third party payment processors, independent contractors, successors, assigns, attorneys and legal representatives (collectively, "Defendant Releasees") from any and all of the Settled Claims, except for the rights and obligations created by the Agreement, and shall not commence, participate in, prosecute or cause to be commenced or prosecuted against the Defendant Releasees any action or other proceeding based upon any of the Settled Claims released pursuant to the Agreement. The relief afforded under the Agreement fully and completely satisfies the Settlement Class Members' Settled Claims, as defined in the Settlement Agreement. This Release also covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiff or Settlement Class Members or by Plaintiff or the Settlement Class Members, or any of them, in connection with or related in any manner to this case, the settlement of this case, the administration of this Settlement and/or the Settled Claims except to the extent otherwise specified in the Agreement. The Final Judgment shall not, however, operate or be construed to release any claims the Parties may have against any person or entity who is not a Party to the Agreement except as provided above.

15. All Settled Claims are dismissed with prejudice. All claims that are not Settled Claims are dismissed without prejudice.

16. Neither this Final Judgment, the Agreement nor any document referred to herein nor any action taken pursuant to—or to carry out—the Settlement may be used as an admission

by or against Defendant of any fact, claim, assertion, matter, contention, fault, culpability, obligation, wrongdoing or liability whatsoever.

17. The Plan of Administration attached as Exhibit E to the Agreement, including the plans for allocation and distribution set forth therein, is hereby approved and shall be implemented by using the best reasonably available data and using the most practicable method under the circumstances.

18. The Court has, by separate order, granted Class Counsel's "Motion for an Award of Attorneys' Fees and Expenses and for an Incentive Award Payment to Class Representatives." The amount of attorneys' fees and Litigation Expenses awarded to Class Counsel shall be distributed to Class Counsel from the Escrow Account pursuant to the terms of the Escrow Agreement.

19. The Court reserves jurisdiction over this matter, the Parties, and all counsel herein, without affecting the finality of this Final Judgment, including over (a) implementing, administering and enforcing this Settlement and any award or distribution from the Settlement Funds; (b) disposition of the Settlement Funds; and (c) other matters related or ancillary to the foregoing.

20. Nothing set forth in this Final Judgment shall be construed to modify or limit the terms of the Agreement, but rather, the Agreement and this Final Judgment are to be construed together as one Settlement between the Parties.

21. The Settlement and this Final Judgment shall have no *res judicata*, collateral estoppel, or other preclusive effect as to any claims other than the Settled Claims.

22. The Clerk is directed to terminate the case from the Court's active docket.

ENTER: August 23, 2018

James P. Jones
United States District Judge